

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00092-CR

Gasper **MENDIOLA**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CR2147
Honorable Michael E. Mery, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed: May 5, 2021

DISMISSED FOR LACK OF JURISDICTION

Appellant Gasper Mendiola, Jr. filed a notice of appeal on March 15, 2021, to appeal the trial court's sentence, imposed on January 19, 2021. Appellant did not file a motion for new trial or a motion for extension of time to file his notice of appeal.

A timely notice of appeal is necessary to invoke this court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). In the absence of a timely motion for new trial, a defendant must file a notice of appeal within thirty days after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a). A late notice of appeal may be considered timely so as

to invoke our jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See Olivo*, 918 S.W.3d at 522. Because appellant did not file a motion for new trial, the notice of appeal was due to be filed on February 18, 2021. *See* TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on March 5, 2021. *See id.* R. 26.3. Appellant, however, filed his notice of appeal on March 15, 2021, and he did not file a motion for extension of time.

Because appellant did not timely file a notice of appeal, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant did not respond. Accordingly, we dismiss this appeal for lack of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that if appeal is not timely perfected, court of appeals does not obtain jurisdiction to address merits of appeal, and court may take no action other than to dismiss appeal; court may not suspend rules to alter time for perfecting appeal); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions).[1]

PER CURIAM

Do Not Publish

---

[1] We also note the trial court's certification in this appeal states: "[T]his criminal case . . . is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the criminal case is a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).